**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| KYLE BENGSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CIVIL ACTION NUMBER: |
| | )        3:06CV569-SRW |
| JOHN BAZEMORE, O.D., and | ) |
| VISION WORLD, INC., | ) |
| | ) |
| Defendants. | ) |

## *ANSWER*

Comes now the defendant identified in the plaintiff's Complaint as Vision World, Inc., and for answer to the plaintiff's Complaint, this defendant says as follows:

1. This defendant admits, as alleged, that jurisdiction under diversity of citizenship of the parties exists, but this defendant denies that it is a proper party to this litigation.

2. This defendant is without sufficient information to admit or deny this averment, therefore this averment is denied.

3. This defendant is without sufficient information to admit or deny whether Dr. John Bazemore, O.D., is a licensed doctor of optometry, or his county of residence; therefore, these averments are denied. This defendant denies that Dr. John Bazemore, O.D., was, at all relevant times, an optometrist at this defendant's eye care facility in Lee County, Alabama.

4. This defendant admits the allegations of Paragraph 4.

5. This defendant denies the allegations of Paragraph 5 and demands strict proof thereof.

6. This defendant denies the allegations of Paragraph 6 and demands strict proof thereof.

7. This defendant denies the allegations of Paragraph 7 and demands strict proof thereof.

8. This defendant denies the allegations of Paragraph 8 and demands strict proof thereof.

9. This defendant denies the allegations of Paragraph 9 and demands strict proof thereof.

10. This defendant is without sufficient information to admit or deny the averments in Paragraph 10; therefore, these averments are denied.

11. This defendant is without sufficient information to admit or deny the averments in Paragraph 11; therefore, these averments are denied.

12. This defendant denies the allegations of Paragraph 12 and demands strict proof thereof.

13. This defendant is without sufficient information to admit or deny the averments in Paragraph 13; therefore, these averments are denied.

14. This defendant denies the allegations of Paragraph 14 and demands strict proof thereof.

15. This defendant denies the allegations of Paragraph 15 and demands strict proof thereof.

16. This defendant denies the allegations of Paragraph 16 and demands strict proof thereof.

17. Paragraph 17 of the Complaint reavers and realleges Paragraphs 1 – 16, and is, therefore, denied.

18. This defendant denies the averments of Paragraph 18 and demands strict proof thereof.

19. This defendant denies the averments of Paragraph 19 and demands strict proof thereof.

20. This defendant denies the averments of Paragraph 20 and demands strict proof thereof.

21. This defendant denies the averments of Paragraph 21 and demands strict proof thereof.

22. This defendant denies the averments of Paragraph 22 and demands strict proof thereof.

23. This defendant denies the averments of Paragraph 23 and demands strict proof thereof.

24. This defendant denies the averments of Paragraph 24 and demands strict proof thereof.

25. Paragraph 25 of the plaintiff's Complaint reavers and realleges preceding paragraphs and is, therefore, denied.

26. This defendant denies the averments of Paragraph 26 and demands strict proof thereof.

27. This defendant denies the averments of Paragraph 27 and demands strict proof thereof.

28. This defendant denies the averments of Paragraph 28 and demands strict proof thereof.

29. This defendant denies the averments of Paragraph 29 and demands strict proof thereof.

30. This defendant denies the averments of Paragraph 30 and demands strict proof thereof.

31. This defendant denies the averments of Paragraph 31 and demands strict proof thereof.

32. This defendant denies the averments of Paragraph 32 and demands strict proof thereof.

## *AFFIRMATIVE DEFENSES*

### FIRST DEFENSE

This defendant pleads the applicable statutes of limitations.

### SECOND DEFENSE

This defendant denies that the defendant identified as John Bazemore, O.D., practiced with, or was associated with, this defendant from 2000 until 2004, and at other times relevant to the plaintiff's claims.

### THIRD DEFENSE

This defendant denies that the plaintiff was a patient of this defendant at any time material to the claims of the plaintiff's Complaint.

### FOURTH DEFENSE

This defendant denies that it owed any duty to the plaintiff concerning his medical diagnosis.

### FIFTH DEFENSE

This defendant denies that it breached any duty owed to the plaintiff.

### SIXTH DEFENSE

This defendant denies that any claimed injury and/or damage claimed by the plaintiff was a proximate result of any act or omission of this defendant.

### SEVENTH DEFENSE

This defendant denies that the plaintiff was injured to the nature and extent claimed, and contests damages.

### EIGHTH DEFENSE

This defendant pleads that, at all times material to the plaintiff's claims, this defendant rendered care which was appropriate, and met the applicable standards of care.

### NINTH DEFENSE

This defendant denies that it is responsible for the actions of any co-defendant in this litigation under the theory of *respondeat superior*, or any other legal theory.

### TENTH DEFENSE

This defendant denies that it was negligent, as alleged in the plaintiff's Complaint.

### ELEVENTH DEFENSE

This defendant denies that it was wanton, as alleged in the plaintiff's Complaint.

**TWELFTH DEFENSE**

This defendant pleads contributory negligence.

**THIRTEENTH DEFENSE**

This defendant pleads assumption of the risk.

**FOURTEENTH DEFENSE**

This defendant pleads failure to mitigate damages.

*DEFENDANT DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES IN THIS CASE*

*s / Christopher C. Shepherd*
Christopher C. Shepherd
Attorney for Defendant Vision World, Inc.
P.O. Box 36988
Birmingham, AL 35236
Telephone: (205) 988-5463
Fax: (205) 988-9538
ASB-3149-R65C
SHE053
christopher.shepherd@thehartford.com

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing has been served upon the following via US Mail and/or via email on July 18, 2006:

David W. Adams, Esq.
*The Newman Law Firm*
Park Plaza, Suit 150
178 South Main Street
Alpharetta, GA 30004

*s / Christopher C. Shepherd*
Of Counsel