IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 JUL 26 P 3:06

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KYLE BENGSTON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | 3:06-cv-00569-SRW |
| ) | |
| ) | Jury Trial Demanded |
| DAVID BAZEMORE, O.D. AND WAL- ) | |
| MART STORES, INC. ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW** Plaintiff Kyle Bengston, pursuant to rule 15 of the Federal Rules of Civil Procedure and 15.1 of the local rules of this Court and amends his complaint to correct the first name of Defendant "Bazemore," erroneously identified as "John Bazemore" in the original complaint. Upon information and belief, the correct name of Defendant is David Bazemore. Furthermore, Plaintiff is adding Wal-Mart Stores, Inc. as a party Defendant in this case. Plaintiff's complaint is amended to allege as follows:

### I. JURISIDICTION

1. This Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. Sec. 1332, diversity of citizenship of the parties.

### II. PARTIES

2. Plaintiff, Kyle Bengston, is a resident of the state of Florida.

3. Defendant Dr. David Bazemore, O.D., is a licensed doctor of optometry and is a resident of Lee County, Alabama, and at all relevant times was an optometrist at Defendant Wal-Mart

Stores, Inc.'s vision center eye care facility in Lee County, Alabama.

4. Defendant Wal-Mart, Inc., is a Delaware corporation doing business in Lee County, Alabama.

### III. ALLEGATIONS OF FACT

5. From 2000 until 2004, Plaintiff was a patient of Defendant Bazemore, a licensed doctor of optometry, at Defendant Wal-Mart, Inc.'s Lee County, Alabama vision center.

6. On August 20, 2004, Plaintiff visited Defendants for the purposes of optical treatment.

7. During said visit to Defendants, Plaintiff informed Defendants of an unexplained vision loss in his right eye, expressing to Defendants that his vision was clouded as if it had a "filter" over it.

8. Plaintiff also indicated to Defendants on this visit on August 20, 2004, that Plaintiff would see "halos" around lights.

9. Defendant Bazemore failed to diagnose, delayed in diagnosing, and failed to refer the Plaintiff to an ophthalmologist in spite of Plaintiff's serious and acute vision problems.

10. On or about March 7, 2005, Dr. Gregory J. Sipinski, M.D., an ophthalmologist, diagnosed the Plaintiff with glaucoma.

11. On May 4, 2005, Plaintiff had surgery on his right eye in an attempt to treat the glaucoma which Defendant Bazemore had failed to diagnose.

12. Had said diagnosis been made earlier, said surgery would not have been necessary.

13. Plaintiff has lost all vision in his right eye and is now blind in his right eye.

14. Had a diagnosis of glaucoma, or referral to an ophthalmologist been made earlier, Plaintiff, a 29 year old man, would not be blind in his right eye.

15. Upon information and belief, Defendant Bazemore was working at the facility of Defendant Wal-Mart Stores, Inc., as an optometrist during all times relevant to this Complaint, and

Defendant Wal-Mart Stores, Inc is liable for the tortuous conduct of Defendant Bazemore, even if Bazemore was not an employee under agency principles of Alabama law.

16. Defendants demanded and received payment for all medical, optometric, and eye care services provided to Plaintiff Kyle Bengston, regardless of the adequacy of such services.

## IV.  CLAIM ONE –NEGLIGENCE (Medical)

17. Plaintiff adopts and realleges Paragraphs 1-16 above, as if set out in full herein.

18. On or about the 20th day of August, 2004, the Defendants undertook to treat Plaintiff for vision care and had a duty to provide professional medical services in accordance with the treatment that a doctor of optometry and eye care facility within the medical community possessing and exercising ordinary and reasonable medical knowledge and skills would provide.

19. In treating the Plaintiff, the Defendants failed to provide Plaintiff with the professional medical services, care and treatment that a medical provider within the medical community possessing and exercising ordinary and reasonable medical knowledge and skills would have provided in that Defendant Bazemore failed to diagnose Plaintiff as having glaucoma, Defendant Bazemore failed to refer the Plaintiff to an ophthalmologist, a medical doctor with advanced training and expertise in the diagnosis and treatment of eye diseases, for further diagnosis and/or treatment of his said glaucoma, and Defendant Bazemore delayed, unnecessarily, in diagnosing the Plaintiff with glaucoma in a timely manner so that said condition could be properly treated.

20. Defendants failure to provide Plaintiff with the professional medical services, care and treatment that a medical provider within the medical community possessing and exercising ordinary and reasonable knowledge and skills would have provided constituted negligence.

21. As a proximate result of Defendants said negligence, Plaintiff was caused to suffer injuries and damages, including the complete loss of vision in his right eye.

22. Plaintiff has suffered, and will continue to suffer, pain and suffering as a result of Defendants' negligence.

23. Plaintiff has suffered, and will continue to suffer, mental anguish as a result of Defendants' negligence.

24. Plaintiff has suffered lost wages and will in the future suffer lost wages as a result of Defendants' negligence.

## V. CLAIM TWO-WANTONNESS (Medical)

25. Plaintiff adopts and realleges Paragraphs 1-24 above, as if set out in full herein.

26. On or about the 20th day of August, 2004, the Defendants undertook to treat Plaintiff for vision care.

27. In treating the Plaintiff, the Defendants failed to provide Plaintiff with the professional medical services, care and treatment that a medical provider within the medical community possessing and exercising ordinary and reasonable medical knowledge and skills would have provided in that Defendant Bazemore failed to diagnose Plaintiff as having glaucoma, Defendant Bazemore failed to refer the Plaintiff to a ophthalmologist, a medical doctor with advanced training and expertise in the diagnosis and treatment of eye diseases for treatment of his said glaucoma, and Defendant Bazemore delayed, unnecessarily, in diagnosing the Plaintiff with glaucoma in a timely manner so that said condition could be properly treated.

28. Defendants failure to provide Plaintiff with the professional medical services, care and treatment that a medical provider within the medical community possessing and exercising ordinary and reasonable knowledge and skills would have provided constituted wantonness.

29. As a proximate result of Defendants said wantonness, Plaintiff was caused to suffer injuries and damages, including the complete loss of vision in his right eye.

30. Plaintiff has suffered, and will continue to suffer, pain and suffering as a result of Defendants' wantonness.

31. Plaintiff has suffered, and will continue to suffer, mental anguish as a result of Defendants' wantonness.

32. Plaintiff has suffered, and will in the future suffer, lost wages as a result of Defendants' wantonness.  Plaintiff claims punitive damages against Defendants because of the Defendants' wanton conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court will grant it the following relief:

a. Awarding Plaintiff compensatory and punitive damages, including costs.

b. Grant such additional and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted this the ___ day of July, 2006.

_____
David W. Adams
Attorney for Plaintiff
AL BAR ID: ASB-4582-S46D
The Newman Law Firm
Park Plaza—Suite 150
178 South Main Street
Alpharetta, Georgia 30004
678-205-8000

## JURY TRIAL DEMANDED

Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by struck jury.

_____
David W. Adams
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that the forgoing has been served on all interested parties via U.S. mail on this the ___ day of July, 2006.

_____
David W. Adams
Attorney for Plaintiff