**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **KYLE BENGSTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 3:06-cv-00569-SRW |
| | ) |
| **DAVID BAZEMORE, O. D., AND** | ) |
| **WAL-MART STORES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COME NOW David Bazemore, O.D., and Wal-Mart Stores, Inc., Defendants in the above-styled action, and in response to the Plaintiff's First Amended Complaint say and state as follows:

**I. JURISDICTION**

1. Denied..

**II. PARTIES**

2. Denied.
3. Admitted.
4. Admitted.

**III. ALLEGATIONS OF FACT**

5. Admitted.
6. Admitted.
7. Denied.
8. Denied.
9. Denied.
10. Denied.
11. Denied.
12. Denied.
13. Denied.
14. Denied.

    15. Denied.

    16. Denied.

## IV.  CLAIM ONE - NEGLIGENCE (Medical)

    17.  Defendants David Bazemore, O.D. and Wal-Mart Stores, Inc. (hereinafter sometimes referred to collectively as the "Defendants") adopt and reallege their answers to paragraphs 1 through 16 above as if fully set out herein.

    18. Denied.

    19. Denied.

    20. Denied.

    21. Denied.

    22. Denied.

    23. Denied.

    24. Denied.

## V.  CLAIM TWO - WANTONNESS (Medical)

    25.  Defendants David Bazemore, O.D. and Wal-Mart Stores, Inc. (hereinafter sometimes referred to collectively as the "Defendants") adopt and reallege their answers to paragraphs 1 through 24 above as if fully set out herein.

    26. Denied.

    27. Denied.

    28. Denied.

    29. Denied.

    30. Denied.

    31. Denied.

    32. Denied.

## AFFIRMATIVE DEFENSES

    1.  Each and every paragraph and count of the Plaintiff's complaint fails to state a claim against the Defendants on which relief can be granted.

    2.  Plaintiff is guilty of contributory negligence.

    3.  Plaintiff fails to allege with specificity each act and/or omission alleged by him to render the Defendants liable to him as required by Ala. Code § 6-5-551 (1975).

    4.  Plaintiff's claims are barred by the doctrine of estoppel.

5. Plaintiff's claims are barred by the statute of limitations.

6. In particular respect to the allegations contained in the Counts of the Complaint that purport to demand punitive damages against the Defendants, the award of punitive damages in this case would amount to an unconstitutional deprivation of property in violation of the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States. The Defendants specifically aver that the law, laws, and/or all or any part of any law or laws of the State of Alabama that would permit an award of punitive damages against them under the circumstances of this case is/are unconstitutional.

7. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law prohibited by the Fifth and Fourteenth Amendments to the Constitution of the United States.

8. The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of Article I, Section 15, of the Constitution of Alabama.

9. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution, and Article I, Section 6 of the Constitution of Alabama.

10. The Defendants reserve the right to assert additional affirmative defenses or any other defenses of which it becomes knowledgeable of during the course of discovery.

          ADAMS, UMBACH, DAVIDSON & WHITE LLP

          BY: /s/ Phillip E. Adams, Jr.
               PHILLIP E. ADAMS, JR. (ADA025)
               Attorneys for Defendants
               P. O. Box 2069
               Opelika, AL  36803-2069

CERTIFICATE OF SERVICE

    I do hereby certify that I have this day served a true and correct copy of the above and foregoing Answer on David W. Adams, Esq., the Newman Law Firm, Park Plaza, Ste. 150, 178 South Main Street, Alpharetta, GA 30004, by mailing a copy of same to him in the United States mail, postage prepaid at the above address.

    This the 1st day of September, 2006.

                                            /s/ Phillip E. Adams, Jr.
                                           Of Counsel for Defendants