IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KYLE BENGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:06CV00569-MEF-VPM |
| ) | |
| DAVID BAZEMORE, O. D., AND ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendants. ) | |

**QUALIFIED PROTECTIVE ORDER**

In accordance with the requests of counsel for all parties, and for other good cause, it is hereby ORDERED as follows:

1. The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure, to obtain from health care providers, health plans, other entities covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996)("HIPPA"), and drug testing laboratories, any information relating to the past, present, or future medical condition of **KYLE BENGSTON ["Bengston"]**, as well as any information regarding the provision of health care, drug testing, drug and alcohol rehabilitation, and mental health services to Bengston and payment for the provision of

services.

2. The specific description of the health information to be used and/or disclosed is as follows:

All medical and health care records, including, but not limited to, doctors' notes, nurses' notes, office notes, summary sheets, emergency records, history and physicals, admission records, examination records, consultation records, surgeons' records, medication records, discharge summaries, pathology reports, laboratory reports, hair testing reports, drug testing reports, chain of custody reports, litigation package reports, personal notes, incident reports, test records and results, psychiatric records, psychological records, alcohol and substance abuse records, records regarding HIV, AIDS, Hepatitis and sexually transmitted diseases, bills, claims, remittances, insurance records, consents for treatment, correspondence, memoranda, evaluations, writings of any kind or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning my physical or mental condition.

3. This Protective Order is intended to assist the parties and third parties who received subpoenas from the parties to comply with (1) the privacy requirements imposed upon protective health information by HIPAA and regulations promulgated thereto, and (2) any other confidentiality obligation.

4. The parties are expressly prohibited from using or disclosing the health information obtained pursuant to this order for any purpose other than this action.

5. The parties shall either return to the covered entity for whom or which such protected health information was obtained, or to destroy the protected health

information (including all copies made), immediately upon conclusion of this

action. See 45 C.R.F. § 164.521(e)(1)(v).

**DONE this 24th day of October, 2006.**


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE