IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KYLE BENGSTON, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| V. | )    3:06-cv-00569-MEF |
| | ) |
| DAVID BAZEMORE, O.D. et al., | ) |
| | ) |
|       **Defendants.** | ) |

**DAVID BAZEMORE, O.D., AND WAL-MART STORES, INC.'S
REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO THEIR
MOTION FOR SUMMARY JUDGMENT**

COME NOW David Bazemore, O.D., and Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart") the Defendants in the above-referenced matter, by and through their undersigned attorneys, and in response to the Plaintiff's brief in opposition to their Motion for Summary Judgment say and state as follows:

**I. The Plaintiff has failed to present substantial evidence that Dr. Bazemore's actions caused the Plaintiff's alleged damages.**

Dr. Bazemore and Wal-Mart specifically incorporate the arguments contained in their Motions to Strike the affidavits of Dr. Thomas J. Landgraf, Dr. Phil C. Alabata, and Dr. Gregory J. Sepanski, filed contemporaneously with this reply, as if the same were set out in full herein.

In the Plaintiff's brief in opposition, his entire argument that he has proved causation is based upon his contention that "the testimony of Drs. Sepanski and Alabata are sufficient to show causation." Plaintiff's brief at B, page 10. However, Drs. Sepanski and Alabata are ophthalmologists and as such their testimony is irrelevant in an action under the Alabama Medical

Liability Act (the "AMLA") against Dr. Bazemore, an optometrist. *See Holcomb v. Carraway*, 945 So. 2d 1009, 1012-1014 (Ala. 2006).

## II.  The caselaw cited by the Plaintiff is inapplicable.

Even if the affidavits of Drs. Sepanski and Alabata were admissible, the cases relied upon by the Plaintiff are not binding on this case.  The Plaintiff argues that "[t]his case is more analogous to <u>Bush</u>, wherein the Alabama Supreme Court held that the plaintiff had proved that the failure of a physician to diagnose Hemophilus Influenza Meningitis proximately caused the minor's injuries." Plaintiff's brief at B, page 9.  However, *Univ. of Ala. Health Serv. Foundation, v. Bush*, 638 So. 2d 794 (Ala. 1994) is not even binding precedent for this case.  In *Bush*, the AMLA did not apply to the defendants because the lawsuit was filed before the AMLA became effective.  *Id.* at 795. Furthermore, and of more importance to the motions and evidence before this Court, the *Bush* Court applied the "scintilla" rule of evidence instead of the "substantial evidence" standard which is applicable in this case in determining whether the trial court properly granted the defendant doctors' motions for summary judgment.  *Id*.  The "scintilla" rule of evidence applied in *Bush* was so liberal that it was abolished by the Alabama legislature over nineteen years ago in civil actions of all types, much less in medical malpractice actions.  Ala. Code § 12-21-12 (1975).  Therefore, the evidentiary analysis in *Bush* is totally inapplicable to this case.

## III. The Plaintiff has failed to produce substantial evidence that Dr. Bazemore could have made the diagnosis that he allegedly failed to make.

The only evidence properly before this Court produced by the Plaintiff on the issue of his allegation that Dr. Bazemore failed to diagnose him with glaucoma is that Dr. Bazemore failed to perform certain tests using the instruments and procedures advocated by the Plaintiff's expert. However, as stated in Dr. Bazemore's Motion for Summary Judgment, the Plaintiff's expert does

not and cannot say that, if the instruments advocated by him were used by Dr. Bazemore, that the test results would have been any different. *See* Defendants' Motion for Summary Judgment, pg. 15-16 (citing Deposition of Dr. Landgraf at page 134, lns 18-21; page 135, ln 14-page 136, ln 20; page 140, lns 18-22; page 144, lns 4-16; page 145, lns 9-17; page 146, ln 22-page 147, ln 22). Thus, the Plaintiffs essentially say that Dr. Bazemore failed to use the proper instruments or procedures to test the plaintiff for glaucoma, but they offer no evidence whatsoever as to what those test results would have shown. Alabama law simply does not allow a doctor to be held liable for the failure to diagnose conditions which "may or may not" exist. *See generally McKinnon v. Polk*, 219 Ala. 167, 121 So. 539 (1929); *Peden v. Ashmore*, 554 So. 2d 1010 (Ala. 1989); *Sasser v. Connery*, 565 So. 2d 50 (Ala. 1990); *Smith v. Medical Center East*, 585 So. 2d 1325 (Ala. 1991); *Parker v. Collins*, 605 So. 2d 824 (Ala. 1992); *Levesque v. Regional Medical Center*, 612 So. 2d 445 (Ala. 1993); *McAfee v. Baptist Medical Center, et al.*, 641 So. 2d 265, 267 (Ala. 1994); *Hawkins v. Carol*, 676 So. 2d 338, 341 (Ala. Civ. App. 1996); and *DCH Health Care Auth. v. Duckworth*, 883 So.2d 1214, 1217 (Ala. 2003).

Finally, it should be noted that the Plaintiff's own expert testified that the Plaintiff's condition can onset "within hours." Defendants' Motion for Summary Judgment, pg. 10 (citing Deposition of Dr. Landgraf at page 140, lns 18-22). It is undisputed that over six months elapsed between the Plaintiff's visit in question with Dr. Bazemore and his visit to Dr. Sepanski during which he was diagnosed with glaucoma. Therefore, by the Plaintiff's own testimony, there is no way to determine when in that six month time period the Plaintiff's glaucoma onset or manifested itself to the point that Dr. Bazemore or any other doctor could have diagnosed it.

**IV. The Plaintiff has not offered substantial evidence demonstrating that Wal-Mart exerted control over the manner and method in which Dr. Bazemore, a non-employee, practiced**

**optometry**.

Plaintiff, in his Brief in Opposition to Defendants' Motion for Summary Judgment, argues that Wal-Mart is liable for the conduct of Dr. Bazemore because Wal-Mart held Dr. Bazemore out to third parties as having authority to act on its behalf. However, Plaintiffs have submitted no admissible evidence as required by Rule 56(e) of the *Federal Rules of Civil Procedure* in support of this argument. Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548 (1986). Plaintiff merely makes the bare assertion that Wal-Mart has held Dr. Bazemore out as having authority to act on its behalf. Plaintiff has not offered testimony of any corporate representative of Wal-Mart, deposition of its own client, deposition testimony of Dr. Bazemore, or any other person in support of his assertion. On the contrary, Defendants in their Motion for Summary Judgment demonstrated with admissible evidence that Dr. Bazemore is indeed an independent contractor of Wal-Mart. Moreover, Defendants demonstrated through the License Agreement between Wal-Mart and Dr. Bazemore that Wal-Mart did not reserve the right to control the method and manner in which Dr. Bazemore practiced optometry. *See Brillant v. Royal*, 582 So. 2d 512, 516-17 (Ala. 1991) (explaining that in the case of medical providers, the primary question is whether the principal reserved the right to control the method and manner in which the non-employee practiced in his field). As explained in the Motion for Summary Judgment, the License Agreement provides as follows:

> The relationship between the parties is that of a license. As such, [Wal-Mart] shall retain no control whatsoever over the manner and means by which [Dr. Bazemore] performs his/her work. [None of Dr. Bazemore's] employees shall be entitled to any pension, stock, bonus, profit-sharing, health or similar benefits which are available

4

> only to employees of [Wal-Mart]. In addition, [Dr. Bazemore] shall be responsible for the payment of any taxes including without limitation, all federal, state and local personal and business taxes, sales and use taxes, other business taxes and License fees arising out of the activities of [Dr. Bazemore] or its employees.

Motion for Summary Judgment at p. 18 (quoting License Agreement at p. 7). Therefore, Wal-Mart has no liability for any alleged negligent or wanton conduct by Dr. Bazemore, and summary judgment should be entered in its favor.

## **CONCLUSION**

The Plaintiff has failed to prove that Dr. Bazemore's actions probably caused his alleged injuries. The Plaintiff has failed to prove that Wal-Mart exerted the requisite control over Dr. Bazemore's optometry practice. Therefore, Dr. Bazemore and Wal-Mart respectfully request that this Court grant their Motion for Summary Judgment and further request that this Court grant such additional relief as it deems just and proper.

Respectfully submitted,

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

BY: /s/ Blake L. Oliver
 PHILLIP E. ADAMS, JR. (ADA025)
 BLAKE L. OLIVER (OLI020)

OF RECORD:
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069
Tel. (334) 745-6466
Fax (334) 749-3238

## **CERTIFICATE OF SERVICE**

       I hereby certify that I have on this the 28th day of August, 2007 served a true and correct copy of the above and foregoing Motion for Summary Judgment on the following attorneys of record by United States mail, postage prepaid, at their respective addresses by:

| | |
|---|---|
| _____ | Facsimile transmission; |
| _____ | Hand delivery; |
| \_\_\_X\_\_\_ | Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to: |

**Mr. David Adams, Esq.**  
**The Newman Law Firm**  
**Park Plaza**  
**178 South Main Street, Ste. 150**  
**Alpharetta, GA 30004**

**Mr. James Boyd Douglas, Jr., Esq.**  
**McNeal & Douglas, LLC**  
**PO Box 1423**  
**Auburn, AL 36830**


ADAMS, UMBACH, DAVIDSON & WHITE


    /s/ Blake L. Oliver_____  
Of Counsel