IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KYLE BENGSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   3:06-cv-00569-MEF |
| | ) |
| DAVID BAZEMORE, O.D., et al., | ) |
| | ) |
| Defendants. | ) |

**DAVID BAZEMORE, O.D., AND WAL-MART STORES, INC.'S
MOTION TO STRIKE THE AFFIDAVITS OF
DR. PHIL C. ALABATA AND DR. GREGORY J. SEPANSKI'S
AND THOSE PORTIONS OF PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
THAT RELY ON SAID AFFIDAVITS**

Come now the Defendants, David Bazemore, O.D., and Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart"), by and through the undersigned counsel, and respectfully move this Court to strike portions of the affidavits of Dr. Phil C. Alabata and Dr. Gregory J. Sepanski and those portions of Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment that rely on said affidavits. As grounds for this motion, the Defendants say and state as follows:

1. Plaintiff sued Dr. David Bazemore, who is an optometrist, under the Alabama Medical Liability Act (the "AMLA").

2. Defendants filed a Motion for Summary Judgment because Plaintiff failed to prove causation.

3. In his Brief in Opposition to Defendants' properly supported Motion for Summary Judgment, Plaintiff submitted affidavits of Dr. Phil C. Alabata and Dr. Gregory J. Sepanski. Both Dr. Alabata and Dr. Sepanski are ophthalmologists. Because neither Dr. Alabata nor Dr.

      Sepanski are similarly situated to Dr. Bazemore, their testimony is irrelevant in this action under the AMLA against Dr. Bazemore, an optometrist.

4. "In any action for injury or damages or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care, the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case." *Houston County Health Care Auth. v. Williams*, ___ So. 2d ___, 2007 WL 80797 at * 12 (Ala. 2006).

5. To prove his claim, Plaintiff must present expert testimony from a "similarly situated health care provider." *Holcomb v. Carraway*, 945 So. 2d 1009, 1012-1013 (Ala. 2006); *see* Ala. Code § 6-5-548(e) (1975) (holding that an oncologist was not a similarly situated health care provider to a general surgeon who was alleged to have breached the standard of care in performing a biopsy on a cancer patient). Neither Dr. Alabata nor Dr. Sepanski are certified by the same board as Dr. Bazemore. They are not optometrists. Therefore, they are not similarly situated health care providers, and their testimony may not be used to prove causation.

6. Section 6-5-548 defines "similarly situated health care provider," in part, as a person who is trained and experienced in the same discipline, school of practice, or speciality. Ala. Code § 6-5-548(b)(c) (1975). Because neither Dr. Sepanski nor Dr. Alabata are trained and experienced in optometry, they may not testify as to whether Dr. Bazemore breached the standard of care. Accordingly, their affidavits and all portions of Plaintiff's Brief in Opposition relying on their affidavits should be stricken.

7.	Furthermore, the testimony contained in the affidavits of Dr. Alabata and Dr. Sepanski is in the nature of expert testimony.  Defendants have never received an expert report from either of these doctors.  A copy of the Plaintiff's expert disclosure is attached hereto as exhibit "A."  Therefore, their affidavits should be stricken.  Defendants have not been afforded the opportunity to depose said doctors or obtain rebuttal expert ophthalmologists.

WHEREFORE, premises considered, Defendants respectfully request this Honorable Court to strike the affidavits of Dr. Alabata and Dr. Sepanski and those portions of Plaintiff's Brief in Opposition to Defendants' properly supported Motion for Summary Judgment that rely on said affidavits.

RESPECTFULLY SUBMITTED this the 28th day of August, 2007.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

/s/ Blake L. Oliver
PHILLIP E. ADAMS, JR. (ADA025)
MATTHEW W. WHITE (WHI086)
BLAKE L. OLIVER (OLI020)
Attorney for Defendants
P.O. Box 2069
Opelika, Alabama  36803-2069
(334) 745-6466

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 28th day of August, 2007 served a true and correct copy of the above and foregoing Motion for Summary Judgment on the following attorneys of record by United States mail, postage prepaid, at their respective addresses by:

_____        Facsimile transmission;

_____        Hand delivery;

   X             Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to:

**Mr. David Adams, Esq.**       **Mr. James Boyd Douglas, Jr., Esq.**
**The Newman Law Firm**      **McNeal & Douglas, LLC**
**Park Plaza**      **PO Box 1423**
**178 South Main Street, Ste. 150**      **Auburn, AL 36830**
**Alpharetta, GA 30004**


ADAMS, UMBACH, DAVIDSON & WHITE


  /s/ Blake L. Oliver
Of Counsel