IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KYLE BENGSTON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| V. | )    3:06-cv-00569-MEF |
| | ) |
| DAVID BAZEMORE, O.D., et al., | ) |
| | ) |
|       Defendants. | ) |

**DAVID BAZEMORE, O.D., AND WAL-MART STORES, INC.'S
MOTION TO STRIKE PORTIONS OF DR. THOMAS J. LANDGRAF'S AFFIDAVIT
AND THOSE PORTIONS OF PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
THAT RELY ON SAID AFFIDAVIT**

Come now the Defendants, David Bazemore, O.D., and Wal-Mart Stores, Inc. (hereinafter referred to as "Wal-Mart"), by and through the undersigned counsel, and respectfully move this Court to strike portions of the affidavit of Dr. Thomas J. Landgraf and those portions of Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment that rely on said affidavit. As grounds for this motion, the Defendants say and state as follows:

1. In his Brief in Opposition to Defendants' properly supported Motion for Summary Judgment, Plaintiff submitted an affidavit by Dr. Thomas J. Landgraf.

2. Dr. Landgraf had previously given deposition testimony in this matter, which Defendants' relied on in their brief.

3. In his deposition, Dr. Landgraf testified that he did not know if the Plaintiff had glaucoma on August 20, 2004. *See* Deposition of Dr. Thomas J. Landgraf at p. 157, lns 15-19.

4. In his subsequent affidavit, Dr. Landgraf stated that the Plaintiff "was in all probability

suffering from subacute angle-closure glaucoma at the time of his August 20, 2004 exam."

5. It is well settled that Dr. Landgraf's affidavit is a sham and should be disregarded. *See Van. T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984).

6. "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *See id. at 657.*

7. There is an inherent inconsistency between Dr. Landgraf's affidavit and his deposition testimony. This inherent inconsistency renders his subsequent affidavit a "sham." *Thomas v. Ala. Council on Human Relations, Inc.*, 248 F. Supp. 2d 1105, 1112-13 (M.D. Ala. 2003) (Fuller, J.).

8. The Plaintiff cannot avoid summary judgment on the basis of Dr. Landgraf's sham affidavit. *See Lambert v. Independent Life & Acc. Ins. Co.*, 994 F. Supp. 1385, ___ (M.D. Ala. 1998) (citing *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1424, 1430 (M.D. Ala. 1996)).

9. "The purpose of summary judgment is to "separate real, genuine issues from those which are formal or pretended." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). A party may not attempt to create a genuine issue of a material fact by presenting an affidavit or deposition that contradicts a damaging portion of earlier sworn testimony. *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). This practice is expressly prohibited. *Id.*

10. The portions of Dr. Landgraf's affidavit that are clearly inconsistent with his prior deposition testimony are due to be stricken. *Thomas.*, 248 F. Supp. 2d at 1113. To allow those

portions of his affidavit would mean that the Plaintiff has "thwart[ed] the purposes of Rule 56 by creating 'sham' issues of fact with [an] affidavit[] that contradict[s] [his] prior depositions." *Id*.

11. Furthermore, the Plaintiff's expert disclosure deadline in this case was February 28, 2007. The Plaintiff's only disclosed expert was Dr. Landgraf. A copy of the Plaintiff's disclosure and expert report is attached hereto as Exhibit "A." Dr. Landgraf's expert report submitted in accordance with this Court's scheduling order does not contain the opinions expressed in his most recent affidavit submitted in support of the Plaintiff's brief in opposition to Dr. Bazemore and Wal-Mart's Motion for Summary Judgment. Therefore, any information not disclosed by the Plaintiff in Dr. Landgraf's original opinion is due to be stricken as it was submitted in violation of this Court's scheduling order.

WHEREFORE, premises considered, Defendants respectfully request this Honorable Court to strike those portions of Dr. Landgraf's affidavit that are a mere sham and those portions of Plaintiff's Brief in Opposition to Defendants' properly supported Motion for Summary Judgment that rely on said affidavit.

RESPECTFULLY SUBMITTED this the 28th day of August, 2007.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

/s/ Blake L. Oliver
PHILLIP E. ADAMS, JR. (ADA025)
MATTHEW W. WHITE (WHI086)
BLAKE L. OLIVER (OLI020)
Attorney for Defendants
P.O. Box 2069
Opelika, Alabama 36803-2069

(334) 745-6466

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 28th day of August, 2007 served a true and correct copy of the above and foregoing Motion for Summary Judgment on the following attorneys of record by United States mail, postage prepaid, at their respective addresses by:

| | |
|---|---|
| _____ | Facsimile transmission; |
| _____ | Hand delivery; |
| ___X___ | Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to: |

**Mr. David Adams, Esq.**  
**The Newman Law Firm**  
**Park Plaza**  
**178 South Main Street, Ste. 150**  
**Alpharetta, GA 30004**

**Mr. James Boyd Douglas, Jr., Esq.**  
**McNeal & Douglas, LLC**  
**PO Box 1423**  
**Auburn, AL 36830**


ADAMS, UMBACH, DAVIDSON & WHITE


  /s/ Blake L. Oliver  
Of Counsel