**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| KYLE BENGSTON,                    ) | |
|                     PLAINTIFF,     ) | |
| v.                                ) | 3:06-cv-00569-MEF |
| DAVID BAZEMORE, O.D. et. al       ) | |
|                    DEFENDANTS.    ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE THE
AFFIDAVITS OF DRS. PHIL ALABATA AND GREGORY SEPANSKI**

Comes now the Plaintiff, and herewith files his response and objection to the Defendants' Motion to Strike the affidavits of Drs. Phil Alabata and Gregory Sepanski. In support of this response, Plaintiff would state to this Honorable Court as follows.

1. Defendants filed a Motion for Summary Judgment in this matter, based **only** on the argument that Plaintiff, Mr. Kyle Bengston, had not demonstrated causation between the breach of standard of care by Defendant Bazemore and the injuries sustained by Mr. Bengston. (See Doc. # 37).

2. The Plaintiff filed a Brief in Opposition to the Motion as well as an Evidentiary Submission (Doc. #'s 40 and 41 respectively) which, unquestionably, demonstrated that a genuine issue of material fact exists as to whether the breach of standard by Defendant Bazemore caused the injuries to Mr. Bengston, thereby necessitating the denial of Defendants' Motion for Summary Judgment.

3. Specifically, the affidavits of Drs. Alabata and Sepanski, both of whom were listed in the **Defendants'** expert disclosure, state that Mr. Bengston, in all **probability**, had

subacute angle closure glaucoma, while being treated by Defendant Bazemore. Dr. Sepanski's affidavit states that had Mr. Bengston been promptly referred to an ophthalmologist for treatment, that his vision loss could have been prevented. These affidavits, in and of themselves, create a genuine issue of material fact and require the denial of Defendants' Motion for Summary Judgment.

4. Defendants have now moved that the Court strike those affidavits based on two arguments; first, that these doctors are not "similarly situated" experts, and, second, that Defendants did not receive an expert report from them. Respectfully, neither argument has a modicum of validity.

5. First, the requirement that experts be "similarly situated" in a medical malpractice case only applies to whether or not an expert can testify as to the applicable standard of care and whether that standard of care has been breached; it has no applicability to proving causation. In fact, the case cited by Defendants in their Motion to Strike, <u>Holcomb v. Carraway</u>, 945 So.2d 1009 (Ala. 2006), specifically holds that an oncologist cannot testify as to a general surgeon **breaching the standard of care**. <u>Holcomb</u> at 1015.

6. The Alabama Medical Liability Act (AMLA), itself, discusses "similarly situated" health care providers and when they may be an expert witness in a medical malpractice case. Specifically, § 6-5-548(e) states, "{A} health care provider may testify as an expert witness …against another health care provider based **on a breach of the standard of care** only if he or she is a 'similarly situated health care provider' as defined above… a health care provider may testify as an expert witness with respect to an alleged **breach of the standard of care** … only if he or she is certified by the same American board in the same specialty." The

Legislature makes clear that the "similarly situated" requirement relates only to testimony regarding the standard of care, not causation.

7.  As Mr. Bengston's treating physicians, and as ophthalmologists, both Drs. Alabata and Sepanski are qualified to state that their patient had subacute angle closure glaucoma, while being treated by Defendant Bazemore, and that the delay in referring him, caused his injuries. Defendants cite no authority, nor can they, where the "similarly situated" argument has been used to disallow expert testimony on **causation**, it can only be used to disallow expert testimony on breach of the standard of care. As causation was the only issue raised by Defendants in their Motion, they have provided no basis for the Court to strike the affidavits.

8.  Furthermore, Defendants' position is untenable. For example, if a gynecologist performing surgery caused injury to a patient's lungs, could a treating pulmonary physician testify as to causation if he or she corrected the problem? The answer is certainly yes, although he or she would not be able to testify regarding the breach of the standard of care. If the Defendants' position were adopted, a health care provider would only need to cause injury, which would be treated by another health care provider outside his specialty, to escape responsibility; this is not, and has never been, the law regarding medical malpractice.

9.  In their Motion to Strike, almost as an admission, Defendants state that Drs. Alabata and Sepanski, "…may not testify as to whether Dr. Bazemore breached the standard of care." Plaintiff has never argued that Drs. Alabata and Sepanski were claiming that Defendant Bazemore breached the standard; that element of the claim was met by the report of Dr. Thomas J. Landgraf, an optometrist. Defendants did not base **any** of their Motion for

Summary Judgment on the standard of care issue. The affidavits in question were used to prove causation, the only argument advanced by Defendants in their Motion.

10. Although it is not critical to defeat the Defendants' Motion to Strike as the "similarly situated" argument does not apply to causation, Plaintiff would argue that optometrists and ophthalmologists are similarly situated because they are both trained and experienced in the same specialty. Both are in the specialty of eye care. Since one of the Plaintiff's arguments is that Defendant Bazemore should have referred him to an ophthalmologist, obviously, an ophthalmologist would know when said referral should take place also.

11. Defendants' second argument that the affidavits should be struck is that they did not receive an expert report from Dr. Alabata nor Dr. Sepanski. First, the Plaintiff did disclose both these witnesses pursuant to this Court's Scheduling Order and Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure. (See Doc# 45 Ex. A). The requirement, under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, of a written report, does not apply to these witnesses because they were **not** "retained or specially employed to provide expert testimony in the case…" Both witnesses are testifying, based on their personal knowledge, as treating physicians of Mr. Bengston. They were disclosed as persons who would offer expert testimony and they certainly have a right to do so. Their affidavits are in full compliance with Rule 56, regarding affidavits in opposition to a Motion for Summary Judgment.

12. What is most amazing about Defendants' Motion to Strike is that they listed both these physicians as witnesses in their expert disclosure as well. (A copy of same is attached hereto as Exhibit "A"). To list these doctors as witnesses on May 7th, 2007 and then move to strike their affidavits when the testimony is not favorable on August 28th, 2007, less than

four months later, claiming unfair surprise, is truly remarkable.  Defendants remain free to depose these witnesses, witnesses they listed,  should they chose, as discovery is still ongoing.

13.    As Defendants have failed to provide any authority to the Court that the proper affidavits of Drs. Alabata and Sepanski, addressing the causation issue, should be struck, Plaintiff would oppose their Motion to Strike and requests that this Honorable Court deny the motion sua sponte.

Respectfully submitted this 10th day of September, 2007.

__/s/ James B Douglas Jr.__
James B. Douglas, Jr.
Attorney for Plaintiff
P.O. Box 1423
Auburn, AL  36831-1423
(334) 821-1596
Ala Bar No. 8935-u83j

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above on all parties of record by use of this Court's electronic filing system on this the 10th day of September, 2007.

__/s/ James B Douglas Jr._
James B. Douglas, Jr.

Phillip Adams
Matthew White
Blake L. Oliver
Adams, Umbach, Davidson & White, LLP
205 South 9th Street
Opelika, Alabama 36801