Exhibit "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KYLE BENGSTON, | ) |
| PLAINTIFF, | ) |
| v. | ) 3:06-cv-00569-MEF |
| DAVID BAZEMORE, O.D. et. al | ) |
| DEFENDANTS. | ) |

### AFFIDAVIT OF DR. THOMAS J. LANDGRAF, O.D., IN RESPONSE TO DEFENDANTS' MOTION TO STRIKE

1.

I am Dr. Thomas J. Landgraf. I am competent to give this affidavit. I reference my previous affidavit and expert report, wherein my credentials are detailed.

2.

I offer this affidavit in response to Defendants' assertion in their Motion to Strike my prior affidavit. In support of their motion to strike, Defendants' assume that I contradict myself in my deposition testimony and my prior affidavit. This is an incorrect assumption. Defendants' attorney asked me at deposition whether Kyle Bengtson had glaucoma on August 20, 2004. Glaucoma is an eye disease characterized by high intra-ocular pressure.

Kyle Bengtson presented for an optometry exam at Wal-mart Optometry on that day complaining of a history of seeing halos around lights, blurry vision and was found to have a loss of vision that could not be corrected to 20/20. During this optometry exam, Dr. Bazemore failed to conduct appropriate testing to most accurately measure

Kyle Bengtson's intraocular pressure, failed to properly view the angle of his eye, and failed to refer him to an ophthalmologist. Due to these failures, I cannot say with certainty whether Kyle Bengtson was experiencing an episode of elevated intraocular pressure, or glaucoma, in his right eye at that particular time.

However, as stated in my prior testimony, Kyle Bengtson did present with three of the chief symptoms of *subacute angle-closure glaucoma* at the time of this visit. Based upon my review of Kyle Bengtson's various medical records, cited in my previous affidavit, it is my professional opinion that at the time of his August 20, 2004, visit, he did in all probability have subacute angle-closure glaucoma, high intra-ocular pressure experienced intermittently-- glaucoma "attacks" that come and go. This is true whether or not he was experiencing an episode of high intra-ocular pressure, or glaucoma, at the time of this exam.

Dr. Bazemore, as licensed optometrist, is required to recognize the signs and symptoms of subacute angle-closure glaucoma, conduct appropriate testing, and refer a patient suspected of having subacute angle-closure glaucoma to an ophthalmologist.

3.

I reserve the right to amend this opinion and it is subject to further discovery. Further, it was my understanding that at the end of the day on June 15, 2007, my deposition was being suspended, and had not concluded. Defendants' have not requested the continuation of my deposition so that I might continue my testimony, and explain what they perceive to be inconsistencies in my testimony.

Further Affiant sayeth not.

_____
Dr. Thomas J. Landgraf, O.D.

Sworn and Subscribed Before Me
on this the 4th day of September, 2007.

_____
Notary Public

State of Tennessee
County of Shelby