**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| KYLE BENGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | 3:06-cv-00569-MEF |
| | ) | |
| DAVID BAZEMORE, O.D. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR RELIEF FROM SCHEDULING ORDER

COME NOW David Bazemore, O.D., and Wal-Mart Stores, Inc. (hereinafter referred to collectively as the "Defendants"), by and through their undersigned attorneys, and respectfully move this Honorable Court to allow them relief from this Court's scheduling order by allowing them to retain additional experts, and, if necessary, to continue the current trial setting. In support of this motion, the Defendants say and state as follows:

1. This Court's scheduling order required the Plaintiff to disclose the identity of any person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the *Federal Rules of Evidence*, and provided a report of those experts by February 28, 2007.

2. The Court's scheduling order further provides for a discovery deadline of October 19, 2007.

3. The Court's scheduling order provides for a trial date of December 10, 2007.

4. On or about February 28, 2007, the Plaintiff served a Report of Plaintiff's Expert Witness for Dr. Thomas J. Landgraf, an optometrist.

5. No other expert report was submitted by the Plaintiff before this Court's expert disclosure

deadline.

6. Since submitting Dr. Landgraf's report, the Plaintiff has filed additional reports from Dr. Landgraf, and expert affidavits from Drs. Sepanksi and Alabata, both of whom are ophthalmologists.

7. The changes from Dr. Landgraf's initial opinion and the submission of the opinions of Drs. Sepanski and Alabata were submitted well after this Court's deadline of February 28, 2007, and in fact were only submitted after the Defendants filed their Motion for Summary Judgment. *See* Evidentiary Submission re: Brief/Memorandum in Opposition to Defendants' Motion for Summary Judgment (doc. # 41).

8. The Defendants have filed motions to strike Dr. Landgraf's additional reports and the affidavits of Drs. Sepanski and Alabata as impermissible under this Court's scheduling order and pursuant to relevant Alabama substantive law. *See* Motion to Strike Affidavits of Dr. Alabata and Dr. Sepanski (doc. # 45); Motion to Strike Affidavit of Dr. Landgraf (doc. # 46).

9. The Defendants maintain their motions to strike and expressly incorporate the arguments contained therein into this motion as if set out in full herein.

10. Specifically, Dr. Landgraf's later reports attempt to change his own words and opinions in an apparent attempt to create an issue of fact to avoid summary judgment. *See* Motion to Strike Affidavit of Dr. Landgraf (doc. # 46).

11. Drs. Sepanksi and Alabata's opinions are also impermissible in that they are opinions given by ophthalmologists in a medical malpractice case against an optometrist. *See* Motion to Strike Affidavits of Dr. Alabata and Dr. Sepanski (doc. # 45).

12. Furthermore, the opinions of Drs. Sepanski & Alabata go well beyond the line and scope of

        treating physicians rendering care to the Plaintiff in that, disregarding this case and the key dates therein, they amount to a treating physician picking a random day prior to their treatment of the Plaintiff and giving an opinion as the Plaintiff's condition on that day. In other words, there is no reason for Drs. Sepanski and Alabata to give an opinion of the Plaintiff's condition on the date of August 20, 2004 as opposed to August 23, 2004, or August 28, 2005, or any other date.

13. However, if this Court does not strike the additional reports from Dr. Landgraf and the affidavits of Drs. Sepanski and Alabata, the Defendants respectfully request this Court to allow them time to allow their own optometrist experts to revise their opinions, if necessary, in response to Dr. Landgraf's updated opinions, and to retain an ophthalmologist expert to respond to the opinions given by Drs. Sepanski and Alabata.

14. The Defendants had no way to anticipate that Dr. Landgraf would change and add to his opinion.

15. Furthermore, and more importantly, the Defendants had no way to anticipate that Drs. Sepanski and Alabata would issue opinions that clearly go beyond the scope of treatment for a treating physician.

16. Based on the foregoing, if this Court does not strike the additional reports of Dr. Landgraf and the affidavits of Drs. Sepanski and Alabata, the Defendants are due to be granted relief from this Court's scheduling order to allow their optometrist experts to revise their opinions and to allow the Defendants to retain an ophthalmologist expert to rebut the opinions of Drs. Sepanski and Alabata.

17. Due to the closeness of the December 10, 2007 trial setting and the fact that the discovery

deadline has passed, the Defendants would also state that a continuance of the current trial setting may be warranted under the facts of this case.

WHEREFORE, premises considered, the Defendants respectfully request that should this Court not strike the additional reports of Dr Landgraf and the affidavits of Drs. Sepanski and Alabata, that they be allowed sufficient time to retain an ophthalmologist expert and sufficient time for their own optometrist experts to amend their own opinions.

RESPECTFULLY SUBMITTED this the 29th day of October, 2007.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

/s/ Matthew W. White
PHILLIP E. ADAMS, JR. (ADA025)
MATTHEW W. WHITE (WHI086)
BLAKE L. OLIVER (OLI020)
Attorney for Defendants
P.O. Box 2069
Opelika, Alabama  36803-2069
(334) 745-6466

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 29th day of October, 2007 served a true and correct copy of the above and foregoing Motion for Relief From Scheduling Order on the following attorneys of record by:

_____      Facsimile transmission;

_____      Hand delivery;

  X      Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to:

**Mr. David Adams, Esq.**  
**The Newman Law Firm**  
**Park Plaza**  
**178 South Main Street, Ste. 150**  
**Alpharetta, GA 30004**

**Mr. James Boyd Douglas, Jr., Esq.**  
**McNeal & Douglas, LLC**  
**PO Box 1423**  
**Auburn, AL 36830**

ADAMS, UMBACH, DAVIDSON & WHITE

  /s/ Matthew W. White  
Of Counsel