**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| KYLE BENGSTON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | 3:06-cv-00569-MEF |
| ) | |
| ) | |
| DAVID BAZEMORE, O.D. et. al ) | |
| ) | |
| DEFENDANTS. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR RELIEF FROM SCHEDULING ORDER**

**COMES NOW** the Plaintiff, and files this Opposition Response to Defendants' Motion for Relief from Scheduling Order. Plaintiff's grounds for this Opposition are as follows:

1. Defendants devote over half of their Motion re-arguing their Motions to Strike the Affidavits of Drs. Gregory Sepanski and Phillip Alabata. Although Plaintiff has successfully rebutted those Motions, this latest Motion from Defendants leaves out several important details.

2. Both Dr. Sapanski and Dr. Alabata were disclosed, **timely**, pursuant to this Court's Scheduling Order. It is undisputed that neither of these doctors are retained experts, therefore, no expert report is required under Rule 26(a)(2)(B).

3. Since the Affidavits were filed, both doctors have been deposed. Both have admitted that they are not retained experts in this matter, and both have reaffirmed their Affidavits as their opinions in this case. (See deposition excerpts attached).

4. Defendants had from February 28, 2007, (the date these doctors were identified as persons who would provide expert testimony) until August 6, 2007 (the date Defendants' Motion for Summary Judgment was due) to take either, or both, doctors' depositions. Defendants chose not to.

5. Most incredibly, Defendants also identified these same doctors in their expert disclosures on May 7, 2007.

6. Obviously, Defendants' Motion to Strike has no merit. Now, Defendants request relief from this Court's Scheduling Order to obtain an ophthalmologist expert to rebut Drs. Sapanski's and Alabata's opinions.

7. For Defendants to claim that the opinions of two doctors, **they identified**, have taken them by surprise is, frankly, an incredible assertion. Had Defendants simply deposed these doctors, they would have been familiar with their testimony long before the time for them to identify experts had passed.

8. Furthermore, this Court's Scheduling Order makes clear that continuances will only be granted under extraordinary and unforeseeable circumstances. This is neither.

9. Lastly, Plaintiff is entitled to a trial, and these events, regarding the Plaintiff, took place almost three years ago; further needless delay would be unfair to the Plaintiff.

Respectfully submitted this the 2nd day of November, 2007.

/s/ James B. Douglas, Jr.
James B. Douglas, Jr.
McNeal & Douglas,
Attorneys at Law, L.L.C.
Ala. Bar No. 8935-u83j
P.O. Box 1423

                                                  Auburn, AL  36831-1423
                                                  (334) 821-1596

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above upon the following by use of this Court's electronic filing system, on this the 2nd day of November, 2007.

                                                  /s/  James B. Douglas, Jr.
                                                  James B. Douglas, Jr.

Matthew White
Blake L. Oliver
Adams, Umbach, Davidson & White, LLP
205 South 9th Street
Opelika, Alabama 36801