IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE BENGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-569-MEF |
| | ) | |
| DAVID BAZEMORE, O.D., and | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## CORRECTED MEMORANDUM OPINION AND O R D E R

This cause is before the Court on Defendants' Motion to Strike the Affidavits of

Dr. Phil C. Alabata and Dr. Gregory J. Sepanski (Doc. # 45) and Motion to Strike

Portions of Dr. Thomas J. Landgraf's Affidavit (Doc. # 46).  These motions also ask the

Court to strike the portions of Plaintiff's Brief in Opposition to Defendants' Motion for

Summary Judgment (Doc. # 40) that rely on these affidavits.

This case involves a dispute over whether Kyle Bengston ("Plaintiff"), a patient

who lost all vision in his right eye, should have been referred to an ophthalmologist when

he visited Dr. David Bazemore, O.D. ("Dr. Bazemore") for optical treatment.  Plaintiff

visited Dr. Bazemore for optical treatment from 2000 to 2004, including a visit on August

20, 2004.  First Amended Complaint (Doc. # 12, ¶¶ 5-6).  Plaintiff claims that, although

he informed Dr. Bazemore of "unexplained vision loss in his right eye" and the

appearance of halos around lights, Dr. Bazemore "failed to diagnose, delayed in

diagnosing, and failed to refer the Plaintiff to an ophthalmologist." (*Id.* ¶¶ 7-9).

Defendants filed a Motion for Summary Judgment arguing that they are entitled to summary judgment because Plaintiff failed to prove that Dr. Bazemore probably caused Plaintiff's injury. (Doc. # 37, at 15). In his response in opposition, Plaintiff included affidavits from Drs. Alabata, Sepanski, and Landgraf (Doc. Nos. 41-2, 41-3, and 41-4). Defendants ask this Court to strike the affidavits of Drs. Alabata and Sepanski and portions of the affidavit of Dr. Landgraf.

## A. Drs. Alabata and Sepanski

Defendants make two arguments to support their motion to strike the affidavits of Drs. Alabata and Sepanski. The first relates to the qualifications of Drs. Alabata and Sepanski to give opinion testimony. The second relates to Plaintiff's compliance with the Federal Rules of Civil Procedure.

Defendants argue that these affidavits should be stricken because Drs. Alabata and Sepanski are ophthalmologists, and thus they are not "similarly situated" with respect to Dr. Bazemore, who is an optometrist. Motion to Strike (Doc. # 45, ¶ 5). Therefore, Defendants conclude that their testimony may not be used to prove causation. (*Id.*). However, the requirement that health care providers be "similarly situated" only applies to the issue of whether the standard of care has been breached. ALA. CODE § 6-5-548(e). In this case, Plaintiff does not offer the testimony of these witnesses to proof its argument on the standard of care issue. It is offered to prove another element: causation.

Therefore, the affidavits of Drs. Alabata and Sepanski may be used in this case to support

Plaintiff's claim that the delay in referring Plaintiff to an ophthalmologist caused his

vision loss.

Defendants also argue that the affidavits should be stricken because Drs. Alabata

and Sepanski did not submit a written expert report pursuant to Rule 26(a)(2)(B) of the

Federal Rules of Civil Procedure.  This rule requires a detailed, written report from any

expert "who is retained or specially employed to provide expert testimony in the case or

whose duties as an employee of the party regularly involve giving expert testimony."

FED. R. CIV. P. 26(a)(2)(B).  The Advisory Committee Note to the 1993 Amendments say

that "[a] treating physician, for example, can be deposed or called to testify at trial

without any requirement for a written report."  FED. R. CIV. P. 26(a)(2)(B) advisory

committee note.

Although the advisory committee note seems to say that treating physicians never

have to submit expert reports, most courts have taken the position that "the plaintiff can

not avoid the requirements of Rule 26 by simply indicating that [his] expert [is]

plaintiff['s] treating physician . . . .  Rule 26 focuses not on the status of the witness, but

rather the substance of the testimony."  *Brown v. Best Foods, A Division of CPC Intern.,*

*Inc.*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) (quoting *Bucher v. Gainey Transp. Service of*

*Indiana*, 167 F.R.D. 387, 390 (M.D.Pa.1996)).  A treating physician's opinions that are

related to the care and treatment of a patient do not give rise to the expert report

requirement. *Id.* at 388 (quoting *Salas v. United States*, 165 F.R.D. 31, 33

(W.D.N.Y.1995)). For example, a treating physician does not need to submit a report

when the opinion is about the existence or the cause of a patient's injury. *Id.* at 387-88

(citing *McGuire v. Davis*, 437 F.2d 570, 573 (5th Cir. 1971); *Salas*, 165 F.R.D. at 33;

*Baker v. Taco Bell Corp.*, 163 F.R.D. 348 (D. Colo. 1995); *Harlow v. Eli Lilly & Co.*,

1995 WL 319728 (N.D. Ill. May 25, 1995)). However, a treating physician's testimony

that another physician breached the standard of care gives rise to the expert report

requirement because such testimony "extends beyond the facts disclosed during care and

treatment of the patient." *Id.* at 389 (quoting *Salas*, 165 F.R.D. at 33).

In this case, Defendants argue that the affidavits of Drs. Alabata and Sepanski

"clearly go well beyond testimony of a mere treating physician" because they reviewed

the files of other doctors "in formulating their opinion that [Plaintiff] 'probably' had a

certain condition at some point in time prior to their treatment of [Plaintiff]."

Defendants' Reply to Plaintiff's Response to Defendants' Motion to Strike (Doc. # 53, at

5). Defendants do not cite legal authority to support their argument that an opinion about

when a patient had a certain condition falls into the category of opinions that trigger the

expert report requirement. As noted in the discussion of Defendants' first argument, Drs.

Alabata and Sepanski are not testifying that Dr. Bazemore breached the standard of care.

Rather, their testimony is used to support the element of causation because Plaintiff

argues that his condition was made worse by being left untreated for several months after

August 20, 2004.  This testimony does not give rise to the expert report requirement of

Rule 26(a)(2)(B).  Therefore, the Motion to Strike (Doc. # 45) is due to be DENIED.

**B. Dr. Landgraf**

In a separate motion, Defendants ask this Court to strike portions of the affidavit

of Dr. Landgraf.  The first relates to an alleged contradiction between the affidavit and an

earlier deposition.  The second relates to opinions in the affidavit that Defendants claim

were not in the expert report.

Defendants argue that Dr. Landgraf's affidavit from August 17, 2007 (Doc. # 41-

2) contradicted his deposition from June 15, 2007 (Doc. # 37-7), and thus the inconsistent

portions of the affidavit are due to be stricken.

> When a party has given clear answers to unambiguous questions which negate the
> existence of any genuine issue of material fact, that party cannot thereafter create
> such an issue with an affidavit that merely contradicts, without explanation,
> previously given clear testimony.

*Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).  In

his deposition, Dr. Landgraf was asked, "Did [Plaintiff] have angle-closure glaucoma on

8/20/2004?"  Dr. Landgraf said, "I don't know."  Dep. of Dr. Thomas J. Landgraf, O.D.

(Doc. # 37-7, at 157).  In his subsequent affidavit, Dr. Landgraf concluded that "Kyle

Bengston was in all probability suffering from subacute angle-closure glaucoma at the

time of his August 20, 2004, optometry exam."  Aff. of Thomas J. Landgraf, O.D. (Doc. #

41-2, at 8).  Defendants argue that these statements are clearly inconsistent.  Motion to

Strike (Doc. # 46, ¶ 10).  The Court disagrees.  The deposition question and answer

referred to angle-closure glaucoma, or the condition of elevated intraocular pressure of

the eye.  The affidavit referred to subacute, or intermittent, angle-closure glaucoma,

which is characterized by intermittent elevated intraocular pressure of the eye, or a

"glaucoma attack."  In other words, Dr. Landgraf believes that Plaintiff suffered from

intermittent angle-closure glaucoma on August 20, 2004, but he is not sure whether

Plaintiff had a glaucoma attack on that day.  Therefore, Dr. Landgraf's statements are not

clearly inconsistent.

Defendants argue that portions of Dr. Landgraf's affidavit from August 17, 2007

(Doc. # 41-2) are due to be stricken because they contain opinions that were not

expressed in Dr. Landgraf's disclosure and expert report (Doc. # 46-3).  Defendants to not

specify any opinions in the affidavit that were not mentioned in the expert report.  After

comparing the expert report to the affidavit, the Court finds that the affidavit does not

contain opinions that were not expressed in the expert report.  In the affidavit, Dr.

Landgraf stated his opinion that Dr. Bazemore "deviated from the standard of care and

skill exercised generally by optometrists under like or similar circumstances in the State

of Alabama during 2004."  (Doc. # 41-2, at 4).  In the expert report, Dr. Landgraf stated

that Dr. Bazemore failed to meet the standard of care in his treatment of Plaintiff.  (Doc. #

46-3, at 1-2).  In both the affidavit and the expert report, Dr. Landgraf explained that Dr.

Bazemore breached the standard of care because he did not make a complete assessment

of Plaintiff and he did not refer Plaintiff to an ophthalmologist.  Therefore, the Motion to

Strike (Doc. # 46) is due to be DENIED.

Accordingly, it is hereby ORDERED as follows:

(1) Defendants' Motion to Strike the Affidavits of Dr. Phil C. Alabata and Dr.

Gregory J. Sepanski (Doc. # 45) is DENIED.

(2) The deadline in Section 10 of the Amended Uniform Scheduling Order (Doc. #

31) is extended with respect to any ophthalmologist that Defendants want to use at trial as

an expert witness.  If Defendants plan to use an ophthalmologist expert witness at trial

who was not one of Plaintiff's treating physicians, they shall submit a Rule 26(a)(2)(B)

report on or before **November 26, 2007**.  Plaintiff may depose the witness on or before

**December 3, 2007**.

(3) Defendants' Motion to Strike Portions of Dr. Thomas J. Landgraf's Affidavit

(Doc. # 46) is DENIED.

Done on this 6th day of November, 2007.

 /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE