**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **KYLE BENGTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **3:06-cv-00569-MEF** |
| | ) | |
| **DAVID BAZEMORE, O.D. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Defendant David Bazemore, O.D. submits the following jury instructions, without

waiving in any

way any pending motions or arguments advanced heretofore or in the future as the need may

arise.  Defendant reserves the right to supplement these charges prior to or during the trial

pursuant to *F.R.C.P. 51.*

Respectfully submitted this the 26th day of Novermber, 2007.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

BY: /s/ Blake L. Oliver
PHILLIP E. ADAMS, JR. (ADA025)
BLAKE L. OLIVER (OLI020)

OF RECORD:
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069
Tel. (334) 745-6466
Fax (334) 749-3238

## **DEFENDANT'S REQUESTED JURY INSTRUCTION**

When a judge and a jury sit together as a Court of law it is the duty of the judge to see that the trial progresses in an orderly fashion; to rule upon all legal matters that are presented; to define the issues involved and instruct the jury as to the law applicable to the particular case. It will be your duty as jurors to follow the law as so stated to you by the judge. You will therefore render a verdict in accordance with the facts as you determine them from the evidence and the law as given to you by the Court.

APJI 1.05

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

You will be the sole and exclusive judges of the facts. It will be your duty to attempt to reconcile the testimony of all the witnesses so as to make them all speak the truth, if this can be done reasonably. If you cannot reasonably reconcile all of the testimony it is then your duty to consider the testimony with the view of determining what the true facts are. In so doing you may accept or reject any part of the testimony of any witness, and accept only the testimony you consider worthy of belief.

APJI 1.06

GIVEN: _____

REFUSED:_____

## **DEFENDANT'S REQUESTED JURY INSTRUCTION**

You are the sole judges of the evidence and of the credibility of the witnesses. You may accept or reject any part of the testimony of any witness and you should accept only the testimony you consider worthy of belief. In determining the weight to be accorded the testimony of any witness, you may consider the demeanor of the witness while on the witness stand; his apparent candor or evasion or the existence or non-existence of any bias or interest.

APJI 15.02

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

In determining what the true facts are from the evidence you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case. You may take into consideration the interest or bias a witness may have shown while testifying. You may take into consideration the demeanor of any witness, as to whether the witness has apparently testified frankly or evasively. You may take into consideration any matter which you would in your every day affairs, in passing upon the truthfulness and accuracy of the testimony. Weigh the testimony in the light of your common observation and experience and reach a verdict that will be based upon the truth as you determine it from all of the evidence.

APJI 1.07

GIVEN:_____

REFUSED:_____

## <u>DEFENDANT'S REQUESTED JURY INSTRUCTION</u>

Following the arguments of counsel it will be the duty of the Court to state to you the applicable rules to guide you in arriving at your verdict. The case will then be submitted to you for your deliberation and verdict. Upon retiring to the jury room to consider your verdict you will elect one of your number as foreman to moderate your discussion and to sign and return the verdict arrived at by you to the court.

APJI 1.10

GIVEN:_____

REFUSED:_____

## **DEFENDANT'S REQUESTED JURY INSTRUCTION**

Lay witnesses have testified in this case and have been permitted to express an opinion and/or draw a conclusion. In passing upon the facts you are not required to accept the conclusions or expressed opinions of these witnesses, but must determine for yourselves the weight to be accorded to such testimony and evidence when considered in connection with all the other evidence material to the issue.

APJI 15.06.

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

An expert witness is one who by education, training and/or experience has attained such skill, knowledge or experience of some science, profession, business or occupation, not of common knowledge to the average layman.

APJI 15.07

GIVEN:_____

REFUSED:_____

## **DEFENDANT'S REQUESTED JURY INSTRUCTION**

Witnesses have testified in this case as experts and have expressed opinions based upon assumed facts which were set forth in hypothetical questions. The weight to be accorded such testimony is dependent entirely upon the truth of the material facts stated in the hypothetical questions and before considering the opinions of the experts, you should first examine carefully all the material facts stated in the hypothetical questions and be reasonably satisfied that they have substantially been proved to be true.

APJI 15.08

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

Witnesses have testified in this case as experts and have been permitted to express an opinion and draw a conclusion. In passing upon the facts you are not required to accept the conclusions or expressed opinions of expert witnesses, but must determine for yourselves the weight to be given to such testimony and evidence when considered in connection with all the other evidence material to the issue.

APJI 15.09

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

Plaintiff Bengtson says Defendant Bazemore was an Optometrist and that he was a patient of Dr. Bazemore on August 20, 2004. Mr. Bengtson also says that Dr. Bazemore caused him harm as a result of the medical care and treatment that was provided.  Dr. Bazemore denies the claim of Mr. Bengtson and denies that he caused him any harm.

To recover damages on this claim Mr. Bengtson must prove to your reasonable satisfaction by substantial evidence all of the following elements:

1. The standard of care that should have been followed by Dr. Bazemore during the time he was responsible for the medical care of Mr. Bengtson, and;

2. That Dr. Bazemore did not follow the standard of care in providing medical care and treatment of Mr. Bengtson, and;

3. That the harm to Mr. Bengtson was probably caused by Dr. Bazemore's failure to follow the standard of care.

If Mr. Bengtson proves to your reasonable satisfaction by substantial evidence each of these elements, then you should find in favor of Mr. Bengtson.  However, if Mr. Bengtson does not, then you should find in favor of Dr. Bazemore.

APJI 25.00

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

Mr. Bengtson must prove by expert testimony the standard of care, that Dr. Bazmore did not follow the standard of care in providing medical care and treatment of Mr. Bengtson, and that the harm to Mr. Bengtson was probably caused by Dr. Bazemore's failure to follow the standard of care.

APJI 25.04

GIVEN:_____

REFUSED:_____

## <u>DEFENDANT'S REQUESTED JURY INSTRUCTION</u>

If you are not reasonably satisfied by substantial evidence that the plaintiff is entitled to recover against the defendant then the form of your verdict would be as follows:

"We the jury find in favor of the defendant.


_____ Foreman/Forewoman"


APJI 25.21 General Charge (Alabama Medical Liability Act of 1987)

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he either consciously and intentionally did some wrongful act or consciously omitted some known duty which produced the injury.

APJI 29.00

GIVEN:_____

REFUSED:_____

### DEFENDANT'S REQUESTED JURY INSTRUCTION

Mr. Bengtson must prove each element of his claim by substantial evidence.  Substantial evidence is that character of evidence that would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed.

APJI 25.05

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

In regards to whether Dr. Bazemore caused any harm to Mr. Bengtson, proof which goes no further than to show that an injury could have occurred in an alleged way, does not warrant the conclusion that it did so occur, where from the same proof the injury can with equal probability be attributed to some other cause.

*See Shanes v. Kiser, 729 So.2d 319,321 (Ala. 1999).*

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

Your verdict cannot be rested upon pure supposition or speculation, and you cannot merely guess as between a number of causes of Mr. Bengtson's vision loss.

*See Shanes v. Kiser, 729 So.2d 319,321 (Ala. 1999)*

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

The plaintiff claims that the defendant at the time of the incident in question was an optometrist and that the plaintiff was a patient of such optometrist. The plaintiff further claims that the defendant breached the standard of care required of an optometrist; and plaintiff further claims that he was injured as a proximate result of the defendant's alleged breach of the standard of care.

The defendant denies the claims of the plaintiff and further says that he did not cause any of the plaintiff's harm.

The standard of care of an optometrist is that level of such reasonable skill, diligence and care as other similarly situated optometrists in the same general line of practice ordinarily have and exercise in like cases. A breach of the standard of care is the failure by the optometrist to comply with the standard of care, which failure proximately causes personal injury or death.

The burden is upon the plaintiff to prove to you by substantial evidence the truthfulness of all of the elements of his claim before he would be entitled to recover. If you are reasonably satisfied that the plaintiff has met this burden of proof, then the plaintiff is entitled to recover, unless the defendant has proven an affirmative defense.

If you are not reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiff's claim then the plaintiff is not entitled to recover.

I have previously stated that the plaintiff has the burden of proving all of the elements of plaintiff's claim by substantial evidence. "Substantial evidence" means that character of evidence which would convince an unprejudiced thinking mind of the truth of the fact as to which the evidence is directed.

Part of the plaintiff's burden of proof is to prove by substantial evidence that the defendant failed to exercise such reasonable skill, diligence and care as other similarly situated optometrists

in the same general line of practice ordinarily have and exercise in like cases. A "similarly situated optometrist" is one who:

(1)   is licensed by the appropriate regulatory board or agency of this or some other state; and

(2)   is trained and experienced in the same specialty; and

(3)   is certified by an appropriate American Board in the same specialty; and

(4)   has practiced in this specialty during the year preceding the date that the alleged breach of the standard of care occurred.

If you are not reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiff's claim, or if you are reasonably satisfied from the evidence that the defendant has proved the affirmative defense that he did not cause the plaintiff's harm, then you need not consider the question of damages. On the other hand, if you are reasonably satisfied by substantial evidence of the truthfulness of each element of the plaintiff's claim, and if the defendant has not proven an affirmative defense, then you should consider the question of damages.

The plaintiff claims the following types of damages: past damages, future damages, and punitive damages.

*"Past damages"* means all damages you find the plaintiff has suffered until the date of this trial December 10, 2007.

*"Future damages"* means damages for future medical treatment, care or custody, loss of future earnings, future loss of earning capacity, future loss of bodily function, future loss of consortium or future pain and suffering.

*"Punitive damages"* The purpose of awarding punitive or exemplary damages is to allow money recovery to the plaintiff by way of punishment to the defendant, and for the added purpose of protecting the public by deterring the defendant and others from doing such wrong in the future.  The imposition of punitive damages is entirely discretionary with the jury.  Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For a plaintiff to be entitled to recover punitive damages the plaintiff must prove by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.

Clear and convincing evidence means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Oppression means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

Fraud means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the party of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

Wantonness means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

Malice means the intentional doing of a wrongful act without just cause or excuse, either:

(A) With an intent to injure the person or property of another person or entity, or

(B.) Under such circumstances that the law will imply an evil intent.

Should you find for the plaintiff and assess one or more types of the damages claimed, it is necessary that you itemize the damages and the form of your verdict would read as follows:

"We the jury find the issues in favor of the plaintiff and against the defendant and assess the plaintiff's damages as follows:

[Past Damages $ _____ Dollars]

[Future Damages $ _____ Dollars]

[Punitive Damages $ _____ Dollars]

It is our intention to assess total damages to the plaintiff at $ _____ dollars."

If you are not reasonably satisfied by substantial evidence that the plaintiff is entitled to recover against the defendant then the form of your verdict would be as follows:

"We the jury find in favor of the defendant.

_____
Foreman/ Forewoman"

APJI 25.21

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

The measure of damages for medical expenses is all reasonable expenses necessarily incurred for doctors' and medical bills which the plaintiff has paid or become obligated to pay and the amount of the reasonable expenses of medical care, treatment and services reasonably certain to be required in the future. The reasonableness of, and the necessity for, such expenses are matters for your determination from the evidence.

APJI 11.09

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

In awarding damages in any case your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

APJI 11.22

GIVEN:_____

REFUSED:_____

## DEFENDANT'S REQUESTED JURY INSTRUCTION

The law places the burden on each of the plaintiffs to reasonably satisfy you of the truthfulness of each of the material elements of that plaintiff's claim.  If you are not reasonably satisfied from the evidence that any plaintiff has met this burden, then you must find for the defendant and against that plaintiff.  If, however, you are reasonably satisfied that any plaintiff has met the burden of proving the material elements of that plaintiff's claim, then you must consider the affirmative defenses asserted by the defendant.

APJI 32.15

GIVEN:_____

REFUSED:_____

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTION</u>**

It is the duty of one who is injured or damaged to exercise ordinary care to reduce his or her damages: he or she is bound to exercise such care as a reasonably prudent person would exercise under like circumstances to reduce or mitigate the damages.  He or she can recover only such damages as would have been sustained had such care been exercised.

APJI 11.29

GIVEN:_____

REFUSED:_____

**<u>DEFENDANT'S REQUESTED JURY INSTRUCTION</u>**

In awarding damages in this case you verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

APJI 11.22

GIVEN:_____

REFUSED:_____

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 26th day of November, 2007 served a true and correct copy of the above and foregoing on the following attorneys of record:

**Mr. David Adams, Esq.**        **Mr. James Boyd Douglas, Jr., Esq.**
**The Newman Law Firm**        **McNeal & Douglas, LLC**
**Park Plaza**        **PO Box 1423**
**178 South Main Street, Ste. 150**        **Auburn, AL 36830**
**Alpharetta, GA 30004**


ADAMS, UMBACH, DAVIDSON & WHITE


_____/s/ Blake L. Oliver_____
Of Counsel