IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KYLE BENGTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) 3:06-cv-00569-MEF |
| | ) |
| DAVID BAZEMORE, O.D. et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S OBJECTIONS TO THE PLAINTIFF'S
DESIGNATION OF DEPOSITIONS TO BE USED AT TRIAL**

COMES NOW the Defendant, David Bazemore, O.D. by and through the undersigned counsel, and in accordance with this Court's Scheduling Order objects to the following deposition designations identified by the Plaintiff:

**GENERAL OBJECTIONS**

Defendant Bazemore objects to each and every deposition designation listed by the Plaintiff to the extent that each contains testimony regarding irrelevant and/or immaterial matters, where the testimony itself constitutes or contains inadmissible hearsay evidence, where the testimony is of or concerning documents which have been deemed inadmissible, or where documents discussed within the depositions are themselves irrelevant, immaterial, constitute inadmissible hearsay, have not been properly authenticated, or the proper predicate has not been laid for admission of said documents. Defendant Bazemore further reserves unto himself all legal objections as to each line of deposition testimony until such time as said testimony is offered at trial.

## SPECIFIC OBJECTIONS

### DR. SEPANSKI

_____1. Defendant Bazemore objects to Dr. Sepanski's deposition being read as testimony at trial as there is no permissible reason for doing so under Rule 32 of the *Federal Rules of Civil Procedure.*

2. Without waiving the general objection stated in paragraph 1, Defendant Bazemore maintains the objections as stated in his previously-filed Motion to Strike the Affidavits of Dr. Phil C. Alabata and Dr. Gregory J. Sepanski and for the reasons stated therein, objects to the submission of Exhibit 1 to Dr. Sepanski's deposition and any testimony based thereon and any testimony describing Dr. Sepanski's opinions stated in his affidavit..

3. Defendant Bazemore objects to Page 16, lines 3-20 of Dr. Sepanski's deposition on the grounds that said testimony goes to the standard of care of an ophthalmologist and not an optometrist and as such violates the Alabama Medical Liability Act (the "AMLA"). Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of the jurors and would otherwise be misleading to the jury.

4. Defendant Bazemore objects to Page 16, lines 21-23, Page 17, lines 1-17 of Dr. Sepanski's deposition on the grounds that said testimony is speculative and is, therefore, not allowed to be considered by the jury. *Shanes v. Kiser,* 729 So.2d 319,321 (Ala. 1999). Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of

the jurors and would otherwise be misleading to the jury.

_____5. Defendant Bazemore objects to Page 18, lines 15-23, Page 19, lines 1-7 of Dr. Sepanski's deposition on the grounds that said testimony is speculative and is, therefore, not allowed to be considered by the jury. *Shanes v. Kiser,* 729 So.2d 319,321 (Ala. 1999). Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of the jurors and would otherwise be misleading to the jury.

_____6. Defendant Bazemore objects to Page 19, lines 12-23, Page 20, lines 1-8 of Dr. Sepanski's deposition on the grounds that said testimony assumes facts that are not relevant to this case. Specifically, the question presented to Dr. Sepanski is concerning his patients who have "lost" vision in one eye. The Plaintiff in this action has not "lost" vision in one eye. Therefore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of the jurors and would otherwise be misleading to the jury.

_____7. Defendant Bazemore objects to Page 53, lines 21-23, Page 54, lines 1-22 of Dr. Sepanski's deposition on the grounds that said testimony goes to the standard of care of an optometrist and as such violates the Alabama Medical Liability Act (the "AMLA"). Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of

the jurors and would otherwise be misleading to the jury.

### DR. ALABATA

_____8. Defendant Bazemore maintains the objections as stated in his previously-filed Motion to Strike the Affidavits of Dr. Phil C. Alabata and Dr. Gregory J. Sepanski and for the reasons stated therein, objects to the submission of Exhibit 1 to Dr. Alabata's deposition and any testimony based thereon and any testimony describing Dr. Alabata's opinions stated in his affidavit.

_____9. Defendant Bazemore objects to Page 7, lines 7-25, Page 8, lines 1-2 of Dr. Alabata's deposition on the grounds that said testimony goes to the standard of care of an ophthalmologist and not an optometrist and as such violates the Alabama Medical Liability Act (the "AMLA"). Specifically, portions of this testimony describe what Dr. Alabata, an ophthalmologist "would want to think about." Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of the jurors and would otherwise be misleading to the jury.

_____10. Defendant Bazemore objects to Page 16, lines 2-10 of Dr. Alabata's deposition on the grounds that said testimony is speculative and is, therefore, not allowed to be considered by the jury. *Shanes v. Kiser,* 729 So.2d 319, 321 (Ala. 1999). Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of the jurors and would otherwise be misleading to the jury.

_____11. Defendant Bazemore objects to Page 44, lines 6-16 of Dr. Alabata's deposition on the

grounds that said testimony is speculative and is, therefore, not allowed to be considered by the jury. *Shanes v. Kiser,* 729 So.2d 319, 321 (Ala. 1999). Furthermore, presentation of such evidence should be excluded under Rule 403 of the *Federal Rules of Civil Procedure* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Defendant Bazemore, and would tend to create confusion in the minds of the jurors and would otherwise be misleading to the jury.

### DR. BASDEN

12. Defendant Bazemore objects to Plaintiff's designation of the deposition of Brett Basden, O.D. Dr. Basden is one of Defendant Bazemore's experts. Defendant Bazemore intends to call Dr. Basden live at trial. His trial testimony has not been taken by deposition, and as such, he has not yet been qualified as an expert witness. Therefore, his deposition testimony would be inadmissible until such time as he is expert qualified. Furthermore, his deposition testimony is clearly hearsay, and there is no exception to the hearsay rule which would make his testimony admissible.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

BY: /s/ Blake L. Oliver
    PHILLIP E. ADAMS, JR. (ADA025)
    BLAKE L. OLIVER (OLI020)

OF RECORD:
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069
Tel. (334) 745-6466
Fax (334) 749-3238

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 26th day of November, 2007 served a true and correct copy of the above and foregoing on the following attorneys of record:

| | |
|---|---|
| **Mr. David Adams, Esq.** | **Mr. James Boyd Douglas, Jr., Esq.** |
| **The Newman Law Firm** | **McNeal & Douglas, LLC** |
| **Park Plaza** | **PO Box 1423** |
| **178 South Main Street, Ste. 150** | **Auburn, AL 36830** |
| **Alpharetta, GA 30004** | |

ADAMS, UMBACH, DAVIDSON & WHITE

\_\_\_\_\_/s/ Blake L. Oliver_____
Of Counsel