**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KYLE BENGTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **3:06-cv-00569-MEF** |
| | ) | |
| **DAVID BAZEMORE, O.D. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**DEFENDANT'S MOTIONS IN LIMINE**</u>

      COMES NOW the Defendant, David Bazemore, O.D. by and through the undersigned counsel, and moves this Court in *limine* to prohibit the Plaintiff, its attorneys, and any witnesses from attempting to introduce evidence, commenting on, alluding to, or making any argument to the jury, concerning the following claims and allegations:

1.    Defendant hereby moves in *limine* to prohibit the Plaintiff's counsel, the Plaintiff, and any witness from introducing or attempting to introduce any evidence from any non-optometrist regarding breach of the standard of care by Dr. Bazemore or implying that Dr. Bazemore breached the standard of care. Specifically, Defendant moves to preclude any evidence from Drs. Sepanski or Alabata criticizing any of Dr. Bazemore's treatment of the Plaintiff, including, but not limited to, testimony that Dr. Bazemore should have referred the Plaintiff to an ophthalmologist, testimony as to what Dr. Bazemore should have done, and testimony as to what they, or any non-optometrist, would have done. Such testimony is testimony regarding the standard of care. "In any action for injury or damages or wrongful death, whether in contract

1

or in tort, against a health care provider for breach of the standard of care, the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence as other similarly situated health care providers in the same general line of practice ordinarily have and exercise in a like case." *Houston County Health Care Auth. v. Williams*, 961 So. 2d 795, 810-11 (Ala. 2006). The testimony presented must be from a "similarly situated health care provider." *Holcomb v. Carraway*, 945 So. 2d 1009, 1012-1013 (Ala. 2006) (holding that an oncologist was not a similarly situated health care provider to a general surgeon who was alleged to have breached the standard of care in performing a biopsy on a cancer patient); *see* Ala. Code § 6-5-548(e) (1975). Section 6-5-548 defines "similarly situated health care provider," in part, as a person who is trained and experienced in the same discipline, school of practice, or speciality. Ala. Code § 6-5-548(b)(c) (1975). Because neither Dr. Sepanski nor Dr. Alabata are trained and experienced in optometry, they may not testify as to whether Dr. Bazemore breached the standard of care. Because Dr. Sepanski and Dr. Alabata are ophthalmologists, their testimony regarding an optometrist's standard of care is irrelevant and immaterial. Fed. R. Evid. 401. Therefore, any such evidence is not admissible under Rule 402 of the *Federal Rules of Evidence*. Even if this testimony is relevant, the prudential considerations specified by Rule 403 of the *Federal Rules of Evidence* substantially outweigh any slight relevance. Evidence of what an ophthalmologist would have done or what Dr. Bazemore should have done, i.e. the optometrist's standard of care, from someone other than an optometrist, would tend

to create confusion in the minds of the jurors, and would otherwise be misleading to the jury. Fed. R. Evid. 403.

2.      Defendant hereby moves in *limine* to prohibit the Plaintiff's counsel, the Plaintiff, and any witness from introducing or attempting to introduce any evidence regarding the length of time that the Plaintiff had to wait for his medical records. This evidence is irrelevant and immaterial. Fed. R. Evid. 401. Plaintiff could imply that Dr. Bazemore has tampered with Plaintiff's medical records, but Plaintiff has no evidence of any such tampering. The length of time that the Plaintiff waited for his medical records is not relevant to whether or not Dr. Bazemore committed medical malpractice. Therefore, any evidence of this wait is not admissible under Rule 402 of the *Federal Rules of Evidence*. Even if this testimony is relevant, the prudential considerations specified by Rule 403 of the *Federal Rules of Evidence* substantially outweigh any slight relevance. Specifically, any attempt to introduce this testimony would only serve to prejudice the jury as it is an attempt to put a blemish on Dr. Bazemore's professionalism.

3.      Defendant hereby moves in *limine* to prohibit the Plaintiff's counsel, the Plaintiff, and any witness from testifying, attempting to testify, or using the phrase that the Plaintiff is "blind" in his right eye. The phrase and/or description of Plaintiff's medical condition is misleading and would only serve to prejudice the jury. The Plaintiff is not blind in his right eye. Because the phrase that the Plaintiff is blind in his right eye is inaccurate, misleading, and highly prejudicial, Plaintiff's counsel and Plaintiff should be prohibited from using it in the presence of the jury. Therefore,

presentation of such testimony and/or evidence should be excluded under Rule 403 of the *Federal Rules of Evidence* as any relevancy of such evidence would be substantially outweighed by the danger of unfair prejudice toward Dr. Bazemore, and would tend to create confusion in the minds of the jurors, and would otherwise be misleading to the jury.

4.    Defendant hereby moves in *limine* to prohibit the Plaintiff's counsel, the Plaintiff, and any witness from introducing or attempting to introduce any evidence or testimony by Dr. Landgraf that goes beyond or was not contained in his expert disclosure. This Court's Scheduling Order and Rule 26 of the *Federal Rules of Civil Procedure* require that an expert report "contain a complete statement of all opinions to be expressed and the basis and reasons therefor . . . ." Fed. R. Civ. P. 26(a)(2)(B). Therefore, any opinions or testimony offered by Dr. Landgraf that go beyond those offered in his expert report, such as those offered in Dr. Landgraf's affidavit given after his deposition, are inadmissible.

Respectfully submitted this 26th day of November, 2007.

ADAMS, UMBACH, DAVIDSON & WHITE, LLP

BY: /s/ Blake L. Oliver
        PHILLIP E. ADAMS, JR. (ADA025)
        BLAKE L. OLIVER (OLI020)

OF RECORD:
Adams, Umbach, Davidson & White, LLP
P. O. Box 2069
Opelika, AL 36803-2069
Tel. (334) 745-6466
Fax (334) 749-3238

4

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 26th day of November, 2007 served a true and correct copy of the above and foregoing on the following attorneys of record:

**Mr. David Adams, Esq.**            **Mr. James Boyd Douglas, Jr., Esq.**
**The Newman Law Firm**           **McNeal & Douglas, LLC**
**Park Plaza**                              **PO Box 1423**
**178 South Main Street, Ste. 150**   **Auburn, AL 36830**
**Alpharetta, GA 30004**


ADAMS, UMBACH, DAVIDSON & WHITE


_____/s/ Blake L. Oliver_____
Of Counsel

5