IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE BENGSTON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | 3:06-cv-00569-MEF |
| | ) | |
| | ) | |
| DAVID BAZEMORE, O.D. | ) | |
| | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S MOTION IN LIMINE**

**COMES NOW** Plaintiff, pursuant to the Court's Scheduling Order, and Moves this Honorable Court enter an Order, in Limine, excluding the following items of evidence:

**A.    Any reference to, or any attempt to admit into evidence, any unexecuted Affidavit of Dr. Phil Alabata.**

During the deposition of Dr. Alabata, who has provided a sworn Affidavit in this matter, Dr. Alabata disclosed that he had drafted an Affidavit prior to the one he executed; said draft was never executed by Dr. Alabata.  Dr. Alabata has testified that the draft was done without the benefit of all Mr. Bengston's medical records.  Dr. Alabata has also testified that his only opinions in this case are contained within the Affidavit which was executed.

Defendants have demonstrated an intention to use the above-referenced unexecuted draft as evidence in this matter.  The Federal Rules of Evidence do not provide a vehicle for entering an unsworn statement as evidence.  In fact, the evidence is

hearsay under Rule 801 of the Rules of Evidence. Furthermore, introduction of this evidence would be unduly prejudicial to the Plaintiff and tend to confuse the jury, which makes the evidence inadmissible under Rule 403 of the Federal Rules of Evidence.

To the extent the Defendant intends to impeach Dr. Alabata with this unsworn and unexecuted draft, Rule 613 of the Federal Rules of Evidence allows witnesses to be impeached with prior inconsistent statements, however; this unexecuted draft by Dr. Alabata does not qualify as a statement, as it was unexecuted. Furthermore, Dr. Alabata has made clear that the draft was done before he obtained all of the pertinent medical records of Mr. Bengston. As stated earlier, it would be extremely confusing to the jury, as Dr. Alabata will most likely be a deposition witness, to have one sworn Affidavit, and one unsworn Affidavit, introduced as evidence.[1]

**B.    Any testimony regarding an altercation the Plaintiff was involved in which resulted in him being struck with a beer bottle.**

During discovery in this matter, Plaintiff testified that he had been in an altercation and had been struck by a beer bottle, on the bridge of his nose, while at a social establishment. The undisputed medical testimony in this matter indicates that the Plaintiff's glaucoma was not related to this altercation. Although trauma to the eye can be a cause of glaucoma, Dr. Gregory Sepanski makes clear in his testimony, and his medical testimony is not refuted, that the Plaintiff's glaucoma was not caused by this event.[2]

Furthermore, allowing testimony on this matter, in view of the undisputed medical evidence, would violate Rules 401 and 402 of the Federal Rules of Evidence, as

---

[1] The unexecuted draft as well as Dr. Alabata's explanation for same is attached to this Motion as Exhibit "A".

this testimony would not be relevant to any material fact in this matter.  Also, this evidence would be extremely prejudicial to the Plaintiff and possibly place the Plaintiff in a poor light with the jury, without any probative value in assisting the jury to find the truth.  Rule 403 of the Federal Rules of Evidence precludes introduction of evidence which is unfairly prejudicial and substantially outweighs any probative value.  As this evidence does not have any probative value, it is due to be excluded.

Respectfully submitted this the 26th day of November, 2007.

/s/  James B. Douglas, Jr.
James B. Douglas, Jr.
McNeal & Douglas,
Attorneys at Law, L.L.C.
Ala. Bar No. 8935-u83j
P.O. Box 1423
Auburn, AL  36831-1423
(334) 821-1596

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above by use of this Court's electronic filing system, on this the 26th day of November, 2007.

/s/  James B. Douglas, Jr.
James B. Douglas, Jr.

Matthew White
Blake L. Oliver
Adams, Umbach, Davidson & White, LLP
205 South 9th Street
Opelika, Alabama 36801

---

[2] See Deposition Excerpts of Dr. Sepanski attached as Exhibit "B".