IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KYLE BENGSTON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | 3:06-cv-00569-MEF |
| ) | |
| ) | |
| DAVID BAZEMORE, O.D. ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF'S OBJECIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS**

**COMES NOW** the Plaintiff, and objects to the following deposition designations of the Defendant.[1]

**A.    Dr. Gregory Sepanski's Deposition:**

1.    Page 46, Lines 1-7, counsel for Defendant asked Dr. Sepanski whether "many ophthalmologist will go their entire career without ever seeing a patient suffering from ICE syndrome.[2]"  This question was timely objected to by Plaintiff's counsel as calling for speculation, which it does, thereby making it inadmissible.  Therefore, Plaintiff objects to it.

**B.    Volume 1 of Dr. Phil Alabata's Deposition:**

1.    Pages 17-19, Plaintiff objects to this portion of Dr. Alabata's deposition, which addresses the unexecuted draft affidavit, referenced in Plaintiff's Motion in Limine.  This testimony is irrelevant and extremely confusing to the jury which would have to view both a sworn statement and an

---

[1] The pertinent parts of these depositions are attached to this pleading.
[2] The Court Reporter erroneously refers to this condition as "eye syndrome"

unexecuted draft simultaneously in attempting to weigh the evidence. Plaintiff has simultaneously filed a Motion in Limine, which extensively argues why this testimony should be excluded.

  2. Page 29, Lines 14-16, wherein Defendant's counsel asks Dr. Alabata to explain why the words in his Affidavits were the same ones used by Dr. Sepanski.  Eliciting this testimony is irrelevant and excludable under Rule 401 of the Federal Rules of Evidence.  The record is void of any evidence that Drs. Alabata and Sepanski were in communication regarding their affidavits in this case.  Furthermore, it is unduly prejudicial to the Plaintiff and violates Rule 403 of the Federal Rules of Evidence.

  3. Page 35, Lines 16-25, wherein Defendant's counsel is inquiring as to whether or not trauma can cause ICE syndrome. This testimony is in reference to the Plaintiff being struck, in the past, by a beer bottle, on the bridge of his nose. Plaintiff has filed a Motion in Limine, simultaneous with this filing, which addresses the arguments as to why this evidence should be excluded.

**C.** **Volume 2 of Dr. Phil Alabata's Deposition:**

  1. Pages 10-16, wherein Defendant's counsel is inquiring of Dr. Alabata regarding the draft Affidavit he never executed and which does not represent his opinions in this matter.  Plaintiff has filed a Motion in Limine, simultaneous with this filing, which addresses the arguments as to why this evidence should be execluded.

  2. Pages 19 and 20, wherein Defendant's counsel is inquiring of Dr. Alabata regarding the draft Affidavit he never executed and which does not

represent his opinions in this matter.  Plaintiff has filed a Motion in Limine, simultaneous with this filing, which addresses the arguments as to why this evidence should be excluded.

Respectfully submitted this the 26th day of November, 2007.

/s/  James B. Douglas, Jr.
James B. Douglas, Jr.
McNeal & Douglas,
Attorneys at Law, L.L.C.
Ala. Bar No. 8935-u83j
P.O. Box 1423
Auburn, AL  36831-1423
(334) 821-1596

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above by use of this Court's electronic filing system, on this the 26th day of November, 2007.

/s/  James B. Douglas, Jr.
James B. Douglas, Jr.

Matthew White
Blake L. Oliver
Adams, Umbach, Davidson & White, LLP
205 South 9th Street
Opelika, Alabama 36801